UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| William T. Watts, III, | ) C/A No. 8:12-2909-TMC-JDA |
|---|---|
| Plaintiff, | ) |
| | ) Code 550/42:1983pr |
| vs. | ) |
| | ) |
| Lexington County Police Dept.; | ) |
| South Congaree Police Dept., et al., | ) |
| | ) |
| Defendants. | ) |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is imprisoned at Lexington County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915 against the two named governmental entities.[2] For the reasons explained below, the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## *PRO SE* AND IN *FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and § 1915A, and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*,

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (en banc), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke v. Williams*, 490 U.S. at 327.

This Court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* complaint to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the

pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Thus, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure). The United States Supreme Court has recently made clear that, under Federal Rule of Civil Procedure 8, a plaintiff in a civil action must do more than make mere conclusory statements to state a claim. *Iqbal*, 556 U.S. at 677–78; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[3] *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Additionally, the reviewing court need

---

[3] Although the *Iqbal* Court was addressing pleading standards in the procedural context of a motion under Federal Rule of Civil Procedure (FRCP) 12(b)(6), the Court finds that those standards also apply in its initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, since *Iqbal* discusses the general pleading standards of FRCP 8, which apply in all civil actions. *Iqbal*, 556 U.S. at 677–80. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in FRCP 12(b)(6). *See McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").

only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. 678; *Twombly*, 550 U.S. at 555.

## BACKGROUND

The Complaint [*see generally* Doc. 1] contains a number of allegations, including some that apply to others.[4] As to Plaintiff, the Complaint states that Defendant Lexington County Sheriff's Department[5] (LCSD) has used a drone (remote-controlled plane) to x-ray him over 11,000 times. These activities cause Plaintiff to experience physical illnesses. LCSD used software and a computer virus to cause damage to and to search Plaintiff's computer, and reconfigured his network card in order to allow access to his computer. LCSD used a tracking device on Plaintiff's truck and recorded his conversations. When the device was removed, it cause damage to Plaintiff's truck. LCSD police officers have harassed Plaintiff, and LCSD has tracked Plaintiff using a variety of devices. LCSD "continued to harrass[sic] [Plaintiff] more and more each time [he] attempted to complain or seek legal advice." [*Id.* at 4.]

As to Defendant South Congaree Police Department (SCPD), the Complaint states that Plaintiff was "tazed" several times. SCPD harassed Plaintiff by driving past him, parking at the grocery store and, on four occasions, being on Plaintiff's route home. As to the two named Defendants, the Complaint concludes that Defendants "are working

---

[4] "The right to litigate for oneself, however, does not create a coordinate right to litigate for others." *Myers v. Loudon Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005).

[5] There is no such entity as the "Lexington County Police Department." Construing the *pro se* Complaint liberally, as we must, we shall assume that Plaintiff means to name the Lexington County *Sheriff's* Department as Defendant herein.

together to kill me or jail me until I die of cancer caused by x-ray's[sic]. I have suffered permenant[sic] physical and mental damage." [*Id.*]

The Complaint also contains other allegations, without attribution. It states that Plaintiff's home was damaged from recording devices; his electricity was disconnected in an attempt to evict him; his home was searched; and his mail is watched at the post office and has been imaged without being opened.

Plaintiff requests:

(a) that he be released from jail;

(b) an investigation into Defendants LCSD and SCPD "and the report sent to [Plaintiff]";

(c) a complete stop to use of the x-ray drone "on anyone by any law enforcement agency";

(d) "A letter sent to everyone that has been x-ray'd stating the dates, time, and intensity and altitude. So that everyone can make proper medical decisions and recieve[sic] proper diagnosist[sic] and care";

(e) a chance to prepare a more complete complaint;

(f) compensatory and punitive damages;

(g) virus removal software;

(h) the return to Plaintiff of all of his property.
[*Id.* at 5.]

## DISCUSSION

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves

an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Application**

Defendant LCSD is immune from suit in this Court. Immunity presents a threshold question, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), which, in the case of absolute

7

immunity, involves "immunity from suit rather than a mere defense to liability," *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). 28 U.S.C. § 1915 requires dismissal of a pleading that "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B)(iii).

"It is well-established in this state [of South Carolina] that a sheriff's office is an agency of . . . the state," such that "a suit against the sheriff's office is a suit against the state." *Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) (citing *Gulledge v. Smart*, 691 F. Supp. 947 (D.S.C. 1988)). Thus, suing LCSD is the same as suing the State, and the State of South Carolina has immunity from suit under the Eleventh Amendment of the United States Constitution. The Eleventh Amendment confirmed the constitutional principle of sovereign immunity, which pre-dates the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 728–29 (1999). The Eleventh Amendment divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment also bars suits against a State filed by its own citizens); *see also, e.g., Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743 (2002) (South Carolina state sovereign immunity provides immunity from suit). Accordingly, Defendant LCSD is immune from suit and should be dismissed as a party Defendant.

Further, Plaintiff's attempts to have this Court order LCSD to take certain actions can be construed as a request for a writ of mandamus. A writ of mandamus is a writ

8

issued by a court to compel performance of a particular act by a lower court. *See Black's Law Dictionary* 1046-47 (9th ed. 2009). This Court does not have jurisdiction to enter an injunction, or a writ of mandamus, to order the actions Plaintiff requests because this Court does not have jurisdiction to grant mandamus relief against state officials. *See In re Payne*, 305 F. App'x 65 (4th Cir. 2008); *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969).

Defendant SCPD is not amenable to suit in this Court as municipal police departments and bureaus are generally not considered "persons" within the meaning of § 1983. This view is in accord with the majority of federal courts that have addressed this issue. *See, e.g., United States v. Kama*, 394 F.3d 1236, 1239–40 (9th Cir. 2005); *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992); *Gore v. Conway Police Dep't*, No. 9:08-1806-RBH, 2008 WL 2566985 (D.S.C. June 26, 2008); *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 163–64 (D. Conn. 2005); *Stump v. Gates*, 777 F. Supp. 808, 815–16 (D. Colo. 1991). As Defendant SCPD is not a "person" for purposes of a § 1983 civil rights action, Plaintiff has failed to state a cognizable claim against it.

The Complaint adds as additional Defendants "et al.," by which the Court assumes Plaintiff intended to designate additional defendants whose specific identities were unknown to him (the "John Doe Defendants"). The John Doe Defendants and their alleged involvement in the acts complained of are described only in the vaguest terms. By Order dated October 22, 2012, the Court advised Plaintiff to:

> (1) Complete one summons form which lists every Defendant named in this matter. In the space following "TO: (Defendant's name and address)," Plaintiff is required to provide a complete name and a full address where

each Defendant can be served pursuant to Rule 4 of the Federal Rules of Civil Procedure. . . .

(2) Complete, sign, and return a Form USM-285 for each Defendant listed in this case. . . . Plaintiff must provide, and is responsible for, information sufficient to identify Defendants on the Forms USM-285. The United States Marshal cannot serve an inadequately identified defendant, and unserved defendants may be dismissed as parties to this case. . . .

[Doc. 8, at 2.] In response, Plaintiff listed on the Summons, and provided Forms USM-285 for, only Defendants LCSD and SCPD. As there is no way to serve a "John Doe" without some identifying information, the John Doe Defendants should also be dismissed from this action. *See Waller v. Butkovich*, 584 F. Supp. 909, 920 n.1 (M.D.N.C. 1984) (dismissing claims against "John Doe" defendants where their involvement in the alleged wrongful conduct was not clear from the complaint).

## RECOMMENDATION

Accordingly, the Court recommends that the Complaint in the above-captioned case be dismissed without prejudice.

November 15, 2012　　　　　　　　　　　　　　s/Jacquelyn D. Austin
Greenville, South Carolina　　　　　　　　　　United States Magistrate Judge

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).